UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ILOIDA ETRATA,<br><br>Plaintiff,<br><br>v.<br><br>DONNA L. PORTER, as Settlor of the Donna L. Porter Living Trust dated March 16, 2011, and any amendments thereto; KATHERINE K. HAWKINS, as Successor Trustee of the Donna L. Porter Living Trust dated March 16, 2011, and any amendments thereto; KATHERINE K. HAWKINS, an individual; DOE Defendants I through X, inclusive; and ROE Corporations 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01383-JCM-MDC<br><br>**ORDER** |

Presently before the court is defendant Katherine Hawkins, as successor trustee of the Donna L. Porter Living Trust's motion to dismiss. (ECF No. 5). Plaintiff Iloida Etrata filed a response (ECF No. 8), to which defendant replied (ECF No. 11).

## I. Background

Defendant Donna Porter was an elderly woman who suffered from health issues, including Alzheimer's. (ECF No. 1-1 at 2). Porter created the Donna L. Porter Living Trust in 2012, which was amended and restated on November 30, 2020. (*Id.*). Defendant Katherine Hawkins is the trustee of the trust. (*See id.*).

In 2023, Hawkins "asked" Etrata to provide 24-hour care to Porter. (*Id.* at 3). Etrata was unable to provide 24/7 care, and thus typically worked four days a week with another individual working the remaining days. (*Id.*).

Etrata provided continuous, full-time in-home caregiving services for Porter, including "supervising and attending to her daily needs, preparing meals and managing groceries, cleaning and maintaining the home, transporting her to appointments and activities, monitoring her condition, submitting reports and coordinating care, and performing other tasks as instructed by [] Porter and/or

[] Hawkins." (*Id.* at 4). Etrata was on-call at all hours during each of her shifts, including at night. (*Id.*).

Porter was aware of Etrata's hiring, paid her wages, and directed her work in some instances. (*Id.*). Hawkins typically needed to "clarify and amplify" Porter's instructions. (*Id.*). Hawkins hired Etrata, negotiated with her the terms of her employment, discussed Etrata's payment of wages with her, reviewed her timesheets each week, issued checks from Porter's account to pay Etrata her wages, and issued tax forms to Etrata. (*Id.*). Hawkins directed, monitored, and supervised Etrata's care over Porter. (*Id.*).

Etrata claims that she did not operate an independent business, did not work as an independent contractor, did not submit expenses for reimbursement, did not control the manner and means of her work, and did not have an opportunity for profit or loss based on managerial skill. (*Id.* at 5). Thus, she claims that at all relevant times, she was an employee of Porter and Hawkins. (*Id.*).

Etrata claims that Porter and Hawkins paid her $30 per hour as they had agreed, but they failed to pay her overtime. (*Id.*). On January 22, 2025, Hawkins terminated Etrata's employment and has not paid her the overtime she claims she is owed. (*Id.* at 6). Porter passed away shortly after Etrata was terminated. (*Id.*).

Etrata timely filed a creditor's claim with Hawkins in her capacity as trustee of Porter's trust, but the claim was rejected. (*Id.*). Etrata then brought suit in Nevada state court alleging violations of Nevada law and the Fair Labor Standards Act ("FLSA"). (*See generally id.*). The suit was removed to federal court on May 5, 2026, and Hawkins now moves for the court to determine whether she can be held individually liable for the alleged misconduct.

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* District courts apply federal pleading standards to state law claims in federal court. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

The court, on a motion to dismiss, is limited to the allegations contained in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the

complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**III. Discussion**

Hawkins argues that she cannot be sued in her individual capacity and any claims against her are limited to her representative capacity as trustee. The court agrees.[1]

In *Mona v. Eighth Jud. Dist. Ct. of State in & for Cnty. of Clark*, the Supreme Court of Nevada held that "a person's representative capacity is distinguished from her individual capacity, and the differing 'capacities are generally treated as ... two different legal personages.'" 380 P.3d 836, 842 (Nev. 2016) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543–44 & n.6 (1986)). Additionally, NRS 163.120(3) provides that a trustee is generally not personally liable on a contract entered into in a representative capacity. Accordingly, Etrata may only proceed against Hawkins in her representative capacity as trustee of the Donna L. Porter Living Trust.

Much of Etrata's response addresses whether Hawkins and Porter were joint employers for the purposes of FLSA. These arguments largely miss the point of Hawkins' motion. As discussed above, her motion raises no challenge on these grounds, and the court will not expand the scope of that challenge merely because Etrata raises the issue in response. Hawkins could have made these arguments but did not. The court therefore does not reach the applicability of the FLSA.[2]

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED.

Dated this 3rd day of August, 2026.

James C. Mahan

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

---

[1] Etrata seemingly agrees as well. While it is not explicitly clear, Etrata's complaint refers to her failed creditor claim against Hawkins "in her capacity as trustee of Ms. Porter's trust." (ECF No. 1-1 ¶ 43). However, it becomes blurred with the following paragraph: "Etrata asserts each of her claims as a Plaintiff and, if necessary, seeks recovery of all amounts owed to her from trust assets." (*Id.* ¶ 44).

[2] Hawkins also challenges the sufficiency of Etrata's complaint, arguing that the statements are merely conclusory. The court finds this argument to be unpersuasive. Hawkins may challenge the assertions in subsequent motions if she thinks that Etrata lacks the factual support necessary to continue.